**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JASON MIDDLETON, )<br>)<br>   Plaintiff, )<br>v. )   Case No.1:15-cv-0067-JMS-DML<br>)<br>DR. PERRY DOBYNS, )<br>)<br>   Defendant. ) | |

**Entry Denying Defendant's Motion for Summary Judgment on the Issue**
**of Failure to Exhaust Administrative Remedies**

### I.  Background

Plaintiff Jason Middleton ("Mr. Middleton") is a state prisoner currently confined at the Westville Correctional Facility. Mr. Middleton filed his complaint on January 16, 2015, alleging wrongdoing that occurred when he was incarcerated at the Branchville Correctional Facility ("BCF"). He alleges that defendant Dr. Dobyns violated his Eighth Amendment rights from February 26, 2013, through June 26, 2013, when the physician refused to treat him and then ineffectively treated him for scabies.

The defendant filed a motion for summary judgment seeking resolution of the claim against him on the basis that Mr. Middleton failed to exhaust his available administrative remedies. Mr. Middleton opposed the motion for summary judgment and the defendant replied. Mr. Middleton also filed a sur-reply.

For the reasons explained in this Entry, the defendant's motion for summary judgment [dkt. 41] must be **denied.**

## II.  Discussion

### A.  Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to

properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

### B. Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mr. Middleton as the non-movant, are undisputed for purposes of the motion for summary judgment:

The Indiana Department of Correction ("IDOC") has developed Policy and Procedure 00-02-301, Offender Grievance Process ("OGP"), which is intended to permit offenders committed to the IDOC, including the BCF, "to resolve concerns and complaints relating to their conditions of confinement" prior to filing suit in Court. Dkt. 43-2, p.1, OGP, Section I, Purpose. The OGP consists of three (3) steps, including an attempt to resolve the complaint or concern informally, the filing of a Formal Grievance, and an appeal of the response to the Formal Grievance. As such, the offender must: (1) first attempt to resolve the problem with the staff involved; (2) if that fails, submit Form SF 45471, Offender Grievance; and (3) if still dissatisfied, submit Form SF 45473, Offender Grievance Appeal.

Exhaustion of the grievance procedure requires pursuing a grievance to the final step. A grievance must be filed within twenty (20) working days from the date of the alleged incident. Exhaustion of the grievance procedure requires the offender to comply with the timing requirements for submitted formal grievances and appeals. Issues or complaints regarding staff and conditions of confinement that affect the offender personally are matters that can be grieved

through the OGP.

Mr. Middleton was incarcerated at the BCF from February 10, 2012, until October 3, 2013. Mr. Middleton filed an informal grievance on this matter on February 28, 2013, alleging that he had scabies but Dr. Dobyns was refusing to treat him. He received a response stating that this was not a grievance issue and directing him to see Medical. He then filed a formal grievance saying the same thing and his response was again that this was not a grievance issue, to see Medical. The response further stated to try to order something from commissary. His grievance was not assigned a number. Mr. Middleton immediately filed an appeal. He received no response to his appeal. He has no copies of his submissions.

The OGRE Offender Grievance Case Report reflects that Mr. Middleton did not file any grievances between February 10, 2012, and January 16, 2015, related to scabies or the medical treatment rendered to Mr. Middleton by Dr. Dobyns.

## C. Analysis

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004). "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance

or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Dr. Dobyns urges the Court to find in his favor because the IDOC has no record of Mr. Middleton exhausting any of the steps of the grievance process. He argues that Mr. Middleton has failed to present "definite, competent evidence to rebut the motion." Defendant's Reply, Dkt. 52, p. 3. (citing *Peterson v. Rogan,* 2012 WL 4020996 (S.D.Ind. Sept. 12, 2012) (quoting *Vukadinovich v. Board of School Trustees,* 278 F.3d 693, 699 (7th Cir. 2002)). The *Peterson* case, however, is distinguishable from this one. In *Peterson,* the plaintiff's affidavit stated that he "did exhaust all grievance remedies and procedures…." His own affidavit, however, was contradicted by the grievances he attached to the affidavit which showed that he did not raise the relevant issue in the grievances. The *Peterson* case involved affidavits telling two different stories, one of which was blatantly contradicted by the record. That is not the case here. The factual versions presented by the parties in this case are different but not contradictory.

To the extent Dr. Dobyns contends that there is no admissible evidence in the record showing that Mr. Middleton completed the exhaustion process, the Court disagrees. Mr. Middleton asserts, under penalty of perjury, that he did attempt to exhaust his claim but he was told that the issue was not grievable. *Vukadinovich* states that "[t]he mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion." *Id.* at 699. "[T]he nonmovant must respond with affidavits or otherwise, 'setting forth specific facts showing that there is a genuine issue for trial.'" *Id.* (internal citation omitted, quoting Rule 56(e)). Mr. Middleton responded to the motion for summary judgment with an affidavit setting forth specific facts based on personal knowledge and such an affidavit constitutes competent, admissible evidence.

Mr. Middleton argues that the OGP was not available to him and he did everything within his control to attempt to exhaust his administrative remedies. Mr. Middleton states that he did, in fact, file an informal and formal grievance alleging that Dr. Dobyns was refusing to treat his scabies. No number was assigned to the grievance, however, because it was determined that the issue presented was not grievable. Mr. Middleton was directed to see medical staff with his complaint and to treat himself with something from commissary. Mr. Middleton filed an appeal, to which he received no response. Because no number was assigned to the grievance and it was treated as a non-grievable claim, it is reasonable and consistent with Dr. Dobyns' position that there was no IDOC record of the grievance.

The facts construed in a manner most favorable to Mr. Middleton as the non-movant show that he did comply with each of the three steps of the grievance process but his grievance was not recorded and treated as a proper grievance. He was thereby thwarted in his attempt to complete the process of the grievance system at the BCF. By informing Mr. Middleton that his complaint against Dr. Dobyns was not grievable, which for purposes of summary judgment the Court must accept as true, prison officials used "affirmative misconduct to prevent a prisoner from exhausting.@ *Dole,* 438 F.3d at 809. Even if the Court allows for the possibility that the determination that Mr. Middleton's issue was not grievable was not "misconduct" but rather an oversight or negligence, the result is the same. The OGP was not available to Mr. Middleton.

There is no genuine dispute of any material facts under these circumstances. Therefore, there is no reason to set this matter for a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Dr. Dobyns has not met his burden of showing that Mr. Middleton failed to exhaust his available administrative remedies. The affirmative defense of failure to exhaust administrative

remedies is therefore **rejected.** The action shall now proceed to the merits of Mr. Middleton's Eighth Amendment claim.

### III. Conclusion

For the reasons discussed above, Dr. Dobyns' motion for summary judgment on the issue of exhaustion of administrative remedies [dkt. 41] is **denied.**

A separate Entry will issue setting a pretrial schedule for the development and resolution of the plaintiff's claim on the merits.

**IT IS SO ORDERED.**

Date: November 13, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jason Middleton, #158480, Plainfield Correctional Facility, Inmate Mail/Parcels, 727 Moon Road, Plainfield, IN 46168

Electronically registered counsel