UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON MIDDLETON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.1:15-cv-0067-JMS-DML |
| ) | |
| DR. PERRY DOBYNS, ) | |
| ) | |
| Defendant. ) | |

**Entry Denying Cross-Motions for Summary Judgment
and Directing Further Proceedings**

**I. Cross-Motions for Summary Judgment**

**A. Background**

The plaintiff in this 42 U.S.C. § 1983 civil rights action is Jason Middleton ("Mr. Middleton"), an inmate who at all relevant times was confined at the Branchville Correctional Facility ("Branchville"). He is currently confined at Plainfield Correctional Facility. The defendant is Dr. Perry Dobyns.

In his complaint, Mr. Middleton alleges that Dr. Dobyns violated his Eighth Amendment rights from February 26, 2013, through June 26, 2013, when the physician refused to treat him and then ineffectively treated him for scabies. He seeks compensatory and punitive damages.

Mr. Middleton seeks resolution of his claim through summary judgment. Dr. Dobyns has responded and filed a cross-motion for summary judgment. Both motions are fully briefed.

**B. Analysis**

The Court finds that there are sufficient questions of material fact and reasonable inferences therefrom which prevent this action from being decided as a matter of law for either party. First, the parties dispute whether Dr. Dobyns was or should have been aware that Mr.

Middleton had scabies in February 2013. Mr. Middleton reported to Nurse Brown and Dr. Dobyns that he had come from a dorm that had scabies and that he had had scabies before and the rash all over his body felt the same as when he had it before. Dkt. 81, p. 11. The medical chart of February 27, 2013, reflects that Dr. Dobyns only examined Mr. Middleton's genitalia. Dkt. 73-1, pp. 4-5. A reasonable jury could find that Dr. Dobyns failed to treat the rash all over Mr. Middleton's body in February 2013, which Mr. Middleton reported was scabies. On the other hand a reasonable jury could credit Dr. Dobyns' version of the facts.

The parties' sworn statements conflict as to whether Dr. Dobyns examined Mr. Middleton on June 26, 2013. Dkt. 77-2. ¶ 7; dkt. 81, pp. 3, 12-14. The parties further disagree as to what prompted Mr. Middleton's referral to the outside dermatologist on June 26, 2013. It is undisputed that on June 24, 2013, Nurse Chapman-Hoffman noted a rash all over Mr. Middleton's body which was indicative of scabies. Dkt. 77-4, p. 2. The nurse prescribed Permethrin topical liquid. Dkt. 77-4, p. 3. The medical chart does *not* reflect that Dr. Dobyns examined Mr. Middleton on June 26, 2013. Dkt. 77-3, pp. 72-74. The June 26, 2013, chart was an "administrative note" reflecting that the purpose was to make a referral, *i.e.,* "OPR derm." *Id.* In addition, the email between Health Services Administrator Richard Wright and Richard Newton supports Mr. Middleton's sworn statement that Mr. Newton took photographs of Mr. Middleton's body and showed them to the superintendent, which is what actually forced Dr. Dobyns to make the referral. Dkt. 73-1, p. 6; dkt. 81, pp. 12-14.

On July 1, 2013, dermatologist Dr. Alfred Knable examined Mr. Middleton. Dr. Knable noted that Mr. Middleton had told him that he had recently been diagnosed with scabies and was treated once with a topical. Dkt. 73-1, p. 13; dkt. 77-3, p. 68. Dr. Knable diagnosed scabies and prescribed Ivermectin oral tablets. Dkt. 77-3, p. 67. Dr. Dobyns did not follow the specialist's

directive. A reasonable jury could question Dr. Dobyns' explanation of a likely "re-infestation" after Mr. Middleton first received the topical treatment for why he did not follow Dr. Knable's orders to provide the oral tablets. Or, a reasonable jury could credit Dr. Dobyns' version of events.

Finally, based on the inmate statements submitted by Mr. Middleton and Mr. Middleton's own sworn statements, a reasonable inference could be made that for a period of months, Dr. Dobyns was aware that there was an outbreak of scabies at Branchville, but Dr. Dobyns refused to treat any inmate including Mr. Middleton, for scabies.

Accordingly, the motions for summary judgment filed by Mr. Middleton [dkt. 72] and Dr. Dobyns [dkt. 75] are both **denied.**

## II. Further Proceedings

Through previous motions, Mr. Middleton requested that the Court appoint counsel in this action, which to this point have been denied. He has done an exemplary job of bringing and supporting his claims through the summary judgment process. The Court, however, will attempt to recruit counsel to assist Mr. Middleton with settlement and a trial, if one is necessary. The Court will notify the parties when counsel is recruited. At that time, a schedule for the further development of the action will be issued.

IT IS SO ORDERED.

Date: June 7, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jason Middleton, #158480, Plainfield Correctional Facility, Inmate Mail/Parcels, 727 Moon Road, Plainfield, IN   46168

Electronically registered counsel